UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MINNIE LAGUIN AND
BENNY BURKE,

        Plaintiffs,

vs.

PROFESSIONAL PROS
JANITORIAL SERVICES,
INC., A GEORGIA
CORPORATION,
PROFESSIONAL PROS
JANITORS, LLC, A GEORGIA
LIMITED LIABILITY
COMPANY, AND PAMELA
STEWART, INDIVIDUALLY,

        Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MINNIE LAGUIN and BENNY BURKE, by and through the undersigned attorney, sue the Defendants, PROFESSIONAL PROS JANITORIAL SERVICES, INC., a Georgia Corporation, PROFESSIONAL PROS JANITORS, LLC, a Georgia Limited Liability Company, and PAMELA STEWART, Individually, and allege:

1. Plaintiffs were employees of Defendants and bring this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiffs were hourly paid employees working for Defendants.

3. Plaintiff Laguin worked for Defendants from approximately March 2011 to August 2015.

4. Plaintiff Burke worked for Defendants from approximately march 2011 to August 2015.

5. Defendant, PROFESSIONAL PROS JANITORIAL SERVICES, INC., is a Georgia Corporation that is based in Henry County, Georgia and is within the jurisdiction of this Court.

6. Defendant, PROFESSIONAL PROS JANITORS, LLC, is a Georgia Limited Liability Company that is based in Henry County, Georgia and is within the jurisdiction of this Court.

7. At all times relevant to this action, PAMELA STEWART was an individual resident of the State of Georgia who owned and operated

PROFESSIONAL PROS JANITORIAL SERVICES, INC., and PROFESSIONAL PROS JANITORS, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of PROFESSIONAL PROS JANITORIAL SERVICES, INC., and PROFESSIONAL PROS JANITORS, LLC.  By virtue of having regularly exercised that authority on behalf of PROFESSIONAL PROS JANITORIAL SERVICES, INC., and PROFESSIONAL PROS JANITORS, LLC, PAMELA STEWART is an employer as defined by 29 U.S.C. § 201, et seq.

8.      This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

9.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10.     During Plaintiffs' employment with Defendants, PROFESSIONAL PROS JANITORIAL SERVICES, INC., and

PROFESSIONAL PROS JANITORS, LLC, earned more than $500,000.00 per year in gross sales.

11. During Plaintiffs' employment with Defendants, PROFESSIONAL PROS JANITORIAL SERVICES, INC., and PROFESSIONAL PROS JANITORS, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

12. Included in such goods, materials and supplies were computers, telephones, cleaning supplies, paper products, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

13. Therefore, Defendants, PROFESSIONAL PROS JANITORIAL SERVICES, INC., and PROFESSIONAL PROS JANITORS, LLC are considered enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiffs for all hours worked.

15. Specifically, Plaintiffs were forced to work off-the-clock without compensation from Defendants.

16. Plaintiffs, at various times, would begin work before they were allowed to clock in, would clock out and keep working, would cover other's shifts without pay, and perform other work for which they received no compensation.

17. Defendants' supervisors and managers had knowledge of this off-the-clock work yet allowed it to happen and failed to pay Plaintiffs for all hours worked by them.

18. Additionally, based on information and belief, during the time period in which Plaintiffs were paid bi-monthly, Defendants would fail to pay Plaintiffs for approximately one week of pay per year.

19. As a result of these pay practices above, Plaintiffs have not been paid the minimum wage for all hours worked, nor have they been paid overtime compensation for all overtime hours worked.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours recorded and amounts paid to Plaintiffs are in the possession and custody of

Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-20 above.

22. Plaintiffs were entitled to be paid overtime compensation for overtime hours worked for Defendants.

23. During their employment with Defendants, Plaintiffs were forced to work off-the-clock, which would sometimes bring Plaintiffs' hours over 40 in a workweek but Plaintiffs would not be paid overtime compensation for these hours.

24. Defendants did not have a good faith basis for their failure to pay Plaintiffs for all overtime hours worked.

25. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for all overtime hours worked, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

27. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, MINNIE LAGUIN and BENNY BURKE, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

28. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-20 above.

29. Plaintiffs were entitled to be paid the minimum wage for each hour worked during their employment with Defendants.

30. During their employment with Defendants, Plaintiffs were forced to work off-the-clock, which resulted in Plaintiffs not being paid the appropriate minimum wage for each and every hour worked.

31. Additionally, based on information and belief, during the time period in which Plaintiffs were paid bi-monthly, Defendants would fail to pay Plaintiffs for approximately one week of pay per year. This would also result in Plaintiffs not being paid the minimum wage for all hours

worked.

33. Defendants did not have a good faith basis for their failure to pay Plaintiffs the minimum wages for all hours worked.

33. Plaintiffs have demanded proper compensation for these unpaid wages via a demand letter, but Defendants have failed to respond to Plaintiffs' letters.

34. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

35. Defendants willfully failed to pay Plaintiffs the proper minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

36. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, MINNIE LAGUIN and BENNY BURKE, demand judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and

appropriate.

Dated this 15th day of February, 2016.

>/s/ C. RYAN MORGAN_____
>C. Ryan Morgan, Esq.
>Georgia Bar No. 711884
>Morgan & Morgan, P.A.
>20 N. Orange Ave., 14th Floor
>P.O. Box 4979
>Orlando, FL 32802-4979
>Telephone: (407) 420-1414
>Facsimile:  (407) 245-3401
>Email:      RMorgan@forthepeople.com
>*Attorneys for Plaintiff*